**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **Z PRODUX, INC.** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civ. Action No.  4:16-cv-106 |
| | § | |
| **TKB TRADING, LLC; AND** | § | JURY DEMANDED |
| **SHERRIE BERGMAN d/b/a MBA &** | § | |
| **HE101 COSMETICS & BEAUTY,** | § | |
| | § | |
| *Defendants*. | | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Z Produx, Inc. ("Z Produx" or "Plaintiff") files this complaint for patent infringement against TKB Trading, LLC ("TKB") and Sherrie Bergman d/b/a MBA & HE101 Cosmetics & Beauty ("MBA" and collectively "Defendants") and states as follows:

**THE PARTIES**

1.     Plaintiff Z Produx, Inc. is a corporation organized under the laws of the State of California with its principal place of business in Van Nuys, California.

2.     Defendant TKB Trading, LLC ("TKB") is a California Limited Liability Company with its principal place of business in Oakland, California.  This Defendant may be served with process through its agent, Carolyn Westerman, at 1101 9th Ave, Oakland, CA 94606.  On information and belief, this Defendant does business in the State of Texas and in the Eastern District of Texas.

3.     Defendant Sherrie Bergman is, on information and belief, an individual doing business under the Ohio-registered trade name of MBA & HE101 Cosmetics &

Beauty.  On information and belief, this Defendant does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

4.     This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§1331 and 1338(a).

5.     On information and belief, Defendant TKB owns, operates, and conducts business through its website http://www.tkbtrading.com in this judicial district and throughout the United States.

6.     On information and belief, Defendant MBA owns, operates, and conducts business through its website http://www.mybeautyaddiction.com in this judicial district and throughout the United States.

7.     Venue is proper within this District under 28 U.S.C. §§1391 and 1400(b). On information and belief, Defendants have committed acts of infringement in this District, have purposely transacted business in this District, have advertised and solicited business in this District, have sold goods into the stream of commerce, have committed acts of infringement in this District, and have established minimum contacts within this District.

8.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants have conducted and do conduct business within this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District.  On information and belief, Defendants sell infringing

products into this District.  On information and belief, Defendants have induced residents within this District to commit acts of infringement in this District.

### FIRST CLAIM FOR PATENT INFRINGEMENT ('743 PATENT)

9.      Z Produx incorporates by reference paragraphs 1-8 as if fully set forth herein.

10.      On August 2, 2011, United States Patent No. D642,743 ("the '743 patent") entitled "Cosmetic Holder" was duly and legally issued after full and fair examination.  Z Produx is the owner of all right, title, and interest in and to the '743 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. The '743 patent is attached hereto as Exhibit A.

11.      The '743 patent is valid and enforceable.

12.      Defendant TKB has used and continues to use the designs of the patent-in-suit in products that it makes, uses, sells, and offers to sell, without Z Produx' s permission, including, without limitation, Defendant's "Flexstyle Palette" (the "Knock-Off Palette").

13.      Defendant MBA has used and continues to use the designs of the patent-in-suit in products that it makes, uses, sells, and offers to sell, without Z Produx' s permission, including, without limitation, Defendant's "Magnetic Palette" (the "Knock-Off Palette").

14.      Joinder is proper under 35 U.S.C. § 299. Joinder is appropriate here because there is a logical relationship between the claims and Defendants and a substantial evidentiary overlap in the facts giving rise to the cause of action against each

Defendant. On information and belief, Defendant TKB supplies the Knock-Off Palettes to Defendant MBA.

15.    Figure 7 from the '743 patent appears below:



16.    An image of the Knock-Off Palette appears below:



17.     An image of the side of the "Knock-Off-Palette" is shown below next to Figure 4 from the patent.

 

FIG.4

18.     Upon information and belief, Defendants have infringed and continue to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '743 patent in this judicial district and elsewhere in the United States, by advertising for sale, selling, making, using, and importing systems including, without limitation, knock-off cosmetic palettes that infringe the '743 Patent in violation of 35 U.S.C. § 271(a).

19.     On information and belief, Defendants have been and are now indirectly infringing the '743 Patent pursuant to 35 U.S.C. § 271(b) and/or (c) by intentionally inducing infringement and/or contributing to the infringement of the '743 Patent in the State of Texas, this judicial district, and elsewhere in the United States by providing

and/or selling the knock-off cosmetic palettes to customers and/or users of those products.

20.      Defendant TKB received actual notice of the '743 patent at least as early as December 8, 2014 when it received a letter from Z Produx containing a copy of the '743 patent.  Defendant MBA received actual notice of the '743 patent at least as early as November 25, 2015 when it received a letter from Z Produx containing a copy of the '743 patent.  On information and belief, Defendants' infringement has been intentional and willful, making this an exceptional case.

21.      Z Produx has been damaged and injured by Defendants' infringement of the '743 Patent.  Because of their infringing acts and for its unauthorized use of the inventions claimed in the '743 Patent, Defendants are liable to Z Produx for damages.

22.      Defendants have been at no time, either expressly or impliedly, licensed under the '743 patent.

23.      Z Produx is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

Z Produx hereby demands a jury for all issues so triable.

## PRAYER

WHEREFORE, Z Produx respectfully requests that the Court:

1.      A judgment that Defendants have directly infringed the patent-in-suit and/or induced the infringement of the patent-in-suit;

2.      A preliminary and permanent injunction preventing Defendants and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and

assigns, and those in active concert or participation with any of them, from directly

infringing, and/or inducing the infringement of the patent-in-suit;

3.      A ruling that this case be found to be exceptional under 35 U.S.C. § 285,

and a judgment awarding to Plaintiff its attorneys' fees incurred in prosecuting this

action;

4.      A judgment and order requiring Defendants to pay Plaintiff's damages

under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict

infringement up until entry of the final judgment, with an accounting, as needed, and

enhanced damages for willful infringement as provided by 35 U.S.C. § 284;

5.      A judgment and order requiring Defendants to pay Plaintiff the costs of

this action (including all disbursements);

6.      A judgment and order requiring Defendants to pay Plaintiff's pre-

judgment and post-judgment interest on the damages award;

7.      A judgment and order requiring that in the event a permanent injunction

preventing future acts of infringement is not granted, that Plaintiff be awarded a

compulsory ongoing licensing fee; and

8.      Such other and further relief as the Court may deem just and proper.

DATED: February 10, 2016     Respectfully submitted,


           /s/ *Robert D. Katz*
           Robert D. Katz
           Lead Attorney
           State Bar No. 24057936
           Email: rkatz@katzlawpllc.com
           **KATZ PLLC**
           6060 N. Central Expressway, Suite 560
           Dallas, TX 75206
           Phone: (214) 865-8000
           Fax: (888) 231-5775

           **ATTORNEY FOR PLAINTIFF**
           **Z PRODUX, INC.**